IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 01-31449

_____

OSCAR DANTLZER,

Plaintiff-Appellant,

versus

THE CITY OF HAMMOND, LOUISIANA, ETC; ET AL

Defendants,

THE CITY OF HAMMOND, LOUISIANA, a political subdivision of the State of Louisiana

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No.  00-CV-446-F
_____
November 15, 2002

Before KING, Chief Judge, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Plaintiff Oscar Dantzler appeals the district court's grant of summary judgment in favor of the City of Hammond, Louisiana on his Title VII and § 1983 claims of race discrimination.  After reviewing the evidence before the district court in the light most favorable to Mr. Dantzler, we find that he has not established a genuine issue of material fact with respect to any of his claims of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discrimination. Accordingly, we affirm the district court's grant of summary judgment.

Oscar Dantzler was employed by the Hammond Police Department for two years. His employment history reflects numerous disciplinary reports and disputes with his supervisors, which he alleges demonstrate a pattern of racial discrimination. Plaintiff filed two complaints with the EEOC. After he was terminated for insubordination arising from allegations that he was twice found sleeping while on duty, he brought suit in federal district court alleging hostile work environment, discriminatory and retaliatory discharge in violation of Title VII and § 1983.

Relying on the 180-day limitations period in 42 U.S.C. § 2005(e)(1), the district court restricted its consideration to evidence of alleged discrimination occurring between June 6 and December 9, 1997, the date of his first EEOC complaint. Proceeding to analyze Dantzler's claim of discriminatory discharge under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the district court held that he could not establish a prima facie case of discrimination on the basis of race, because his evidence was "speculative, vague, generalized, lacking in detail concerning any specific dates or incidence, self-serving and contradictory." (Op. 18). Apart from disciplinary reports allegedly motived by race discrimination, Dantzler alleged he was denied training and vacation time, supporting these assertions with his own and another

2

officer's general allegations of discrimination. The district granted the defendant's motion for summary judgment and dismissed Dantzler's claims with prejudice.

Dantlzer urges this Court to review evidence of alleged discrimination outside the 180-day period either as actionable discrimination under a continuing violation theory, or as evidence supporting his theory of actionable discrimination within the time period. He presented no credible evidence that he should be entitled to the continuing violation theory. This Court reviews grants of summary judgment *de novo*. Celestine v. Petroleos de Venezuela, S.A., 266 F.3d 343, 349 (5th Cir.2001). Even considering the evidence that was allegedly erroneously excluded by the district court, Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002), we find no genuine issue of material fact on his claim of hostile work environment. He is unable to establish any inference of intentional discrimination or ongoing harassment. Price v. Federal Exp. Corp., 283 F.3d 715, 721 n.4 (5th Cir. 2002). His subjective impression that he was being subjected to a hostile work environment is inadequate to survive summary judgment. Huckabay v. Moore, 142 F.3d 233, 241 (5th Cir. 1998).

Dantzler also fails to establish a genuine fact issue in his claim of discriminatory discharge. To survive summary judgment, Dantlzer must show (1) he was a member of a protected class, (2) he was qualified for the position, (3) he was dismissed, and (4) he

3

was replaced by an individual of a different race. <u>Byers v. Dallas Morning News, Inc.</u>, 209 F.3d 419, 426 (5th Cir. 2000). The evidence indicates that he was replaced by an African-American police officer. He therefore fails to satisfy the fourth element of his prima facie case. Further, the City offered a legitimate non-discriminatory reason for his discharge - insubordination - which Dantzler has failed to rebut by establishing that the reason was false and pretext for intentional discrimination. <u>Lawrence v. Univ. of Texas Medical Branch at Galveston</u>, 163 F.3d 309, 312-13 (5th Cir. 1999).

Finally, Danztler cannot establish a genuine issue of material fact on his claim of retaliatory discharge. He fails to establish the required causal link between protected activity and the adverse employment action. <u>LaDay v. Catalyst Technology, Inc.</u>, 302 F.3d 474, 483 (5th Cir. 2002).

For these reasons, the decision of the district court granting summary judgment for the defendants and dismissing Dantzler's claims with prejudice is

AFFIRMED.

4